ORIGINAL

FILED
APR 4 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JANET NESSE, INTERIM CHAPTER 7 TRUSTEE FOR USPROTECT CORPORATION
c/o Lawrence Block, Esq.
Stinson Morrison Hecker LLP
1150 18th Street, N.W.
Washington, D.C. 20036

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Case No. 08-240 C

## COMPLAINT
## (APPEAL OF CONTRACTING OFFICER'S FINAL DECISION DATED APRIL 5, 2007)

Comes now Plaintiff Janet M. Nesse, Chapter 7 Trustee for USProtect Corporation ("USProtect"), for her claims for relief on behalf of the USProtect bankruptcy estate against Defendants United States of America and U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, alleges and states as follows:

## NATURE OF ACTION

1. This action is an appeal from a contracting officer's final decision of the U.S. Department of Homeland Security dated April 5, 2007 ("Final Decision"). *See* April 5, 2007 Contracting Officer's Final Decision, attached and incorporated herein as Exhibit "A."

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to section 1491 of title 28 of the United States Code.

3. This action arises under arises under the Contract Disputes Act of 1978, Pub. L. 95-563, 92 Stat. 2383 (codified at 41 U.S.C. §§ 601-613 (Supp. II 1978)), as amended by Pub. L. 97-164 (1982).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

5. On March 16, 2008, an involuntary Chapter 7 bankruptcy petition was filed for USProtect. The case is pending in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division, Case No. 08-13637. Janet Nesse is the duly-appointed interim trustee for USProtect.

6. Defendant is the United States, acting through the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement.

**BACKGROUND FACTS**

7. On May 24, 2000, the General Services Administration ("GSA") Public Buildings Administration ("PBA"), Federal Protective Services ("FPS") entered into Contract No. GS-09P-00-NZD-0002 ("Contract") with Holiday International Security, the predecessor to USProtect.

8. FPS was transferred to the Department of Homeland Security under the Department of Homeland Security Act of 2002, Pub. L. 107-296, § 422, 116 Stat. 2135 (2002).

9. On October 28, 2004, USProtect submitted a certified claim under the Contract to a contracting officer of the Department of Homeland Security for a price adjustment pursuant to the Service Contract Act.

10. When the Contracting Officer failed to issue a final decision on USProtect's certified claim, USProtect filed an appeal to the Department of Transportation Board of Contract Appeals, which was docketed as DOTBCA No. 4482. That appeal later was transferred to the

newly-created Civilian Board of Contract Appeals ("CBCA"), where it is docketed as CBCA No. 65.

11. After extensive settlement discussions, the contracting officer issued the Final Decision in which the contracting officer (a) denied USProtect's certified claim and (b) asserted an overpayment to USProtect in the amount of $4,148,464.

12. This Complaint does not involve the denial of USProtect's certified claim, which already is pending before the CBCA. The Government attempted to assert its claim for overpayment as a counterclaim before the CBCA, but the CBCA dismissed that counterclaim for lack of subject matter jurisdiction.

13. In its claim, the Government asserts that USProtect was overpaid as a result of DHS' mistaken inclusion of SCA rate increases twice for the second option year. The government alleges that the second increase was added to the already increased rate for the second option year and was then carried forward and increased over each successive contract period.

14. The Government has alleged that it first became aware of the alleged overpayment issue during settlement negotiations with USProtect on its certified claim.

## CLAIMS FOR RELIEF

### Count I
### (CDA)

15. Plaintiff realleges and incorporates herein paragraphs 1-14.

16. The Final Decision alleges: "Unaware that the hourly rates shown on Task Order P0903NP0011 had already been increased by the previous Contracting Officer, Ms. Dessie Nelson, the new Contracting Officer, Ms. Charlotte Dominguez, requested, received, and negotiated an hourly wage increase with USProtect for Option Year II. This second increase was

incorporated by Supplemental (Bilateral) Modification PS02 executed May 13, 2002. Since new option rates increases are added to the previous year's loaded rates, this second increase was included in each of the following years."

17. The Contracting Officer was acting within her authority when she issued and executed Modification PS02.

18. Any mistake made by the Contracting Officer in 2002, or incorrect understanding of the law by the Contracting Officer, is binding on the Government.

19. Upon information and belief, the Contracting Officer was aware of the alleged double rate increase in 2003 and continued to issue and execute modifications to the Contract without any correction.

20. The Government failed to correctly calculate the alleged overpayment.

21. The Government is precluded from any recovery for any erroneous overpayment to USProtect due to the knowledge of the Contracting Officer at the time the modifications to the Contract were made that comprise the basis for the Government's claim of overpayment in the amount of $4,148,464.

## PRAYER FOR RELIEF

Wherefore, Janet M. Nesse, interim trustee for USProtect, respectfully requests:

(a) As to Count I, that the Court determine that the Government's claim for overpayment in the amount of $4,148,464 under the Contract is barred by the doctrine of finality, arbitrary, capricious, contrary to law and void;

(b) For such other and further relief as the Court shall find is just and reasonable.

Dated: April 4, 2008

LAWRENCE BLOCK (#452190)
JANET NESSE
Stinson Morrison Hecker LLP
1150 - 18th Street, N.W., Suite 800
Washington, D.C. 20036
Tel: (202) 785-9100; Fax: (202) 572-9993
lblock@stinson.com
jnesse@stinson.com
*Attorneys for Interim Chapter 7 Trustee for USProtect Corporation*

Exhibit A

# Exhibit A

Federal Protective Service
U.S. Department of Homeland Security
Denver Federal Center
West 6th Ave. & Kipling Street
P.O. Box 25266, Bldg. 44
Denver, CO 80225-0266

U.S. Immigration and Customs Enforcement

April 5, 2007

Mr. Richard Norman
USProtect Inc.
801 Roeder Road, Suite 1000
Silver Spring, MD 20910

Subject: Two Request for Equitable Adjustment under Contract GS09P00NZD0002 (San Diego Areas) regarding SCA Wage and Fringe Increases for Option Years III (FY04) and IV (FY05)

Mr. Norman:

This letter is in response to USProtect's certified claim dated October 28, 2004, for a revised equitable adjustment under the Changes clause of Contract GS09P000NZD0002 (Contract) in the amount of $439,387.15. This letter is both the Contracting Officer's Final Decision regarding the claim and notice of the Government's demand for payment due to overpayments made to USProtect. The Contracting Officer previously issued a final decision regarding USProtect's misclassification claim, however this final decision addresses the claim for the equitable adjustment. The Government's final calculation of the equitable adjustment reveals that the Government has overpaid USProtect in the amount of $4,148,464.07. The Government, therefore, demands payment in accordance with FAR 33.211(a).

<u>Discussions Regarding the Equitable Adjustment Claim</u>

During April-May 2006, numerous discussions were held regarding this equitable adjustment claim to the San Diego Contract and another equitable adjustment claim under a separate contract for guard services in the San Francisco area. The participants in these discussions were Mr. Brad Feldmann and Mr. Martin Healy of USProtect and Mr. Aaron Marshall and Ms. Charlotte Dominguez of Immigration and Customs Enforcement (ICE). After these discussions, ICE and USProtect (the "parties") agreed to apply the same formula to all the disputed equitable adjustment claims (San Diego and San Francisco). The attached spreadsheets break down the hourly rate under the Contract by county served, option years II-IV, and FY06 extension.

<u>Agreement on Formula to Determine the Amount of the Equitable Adjustment</u>

After discussions the parties agreed to the following items:

1. Discussions began with the calculation methodology used by the parties. It was agreed by both parties that the applicable payroll taxes would only be applied to the wage increase while the other allowable factors, such as vacation and holidays, would also be applied to the wage increase without payroll taxes.

2. The hourly wages and Health & Welfare benefit outlined in the Collective Bargaining Agreements (CBAs) were used as the basis of the equitable adjustments. The overtime rate included the wage increase plus another fifty percent (50%) of the wage increase as outlined in the CBAs.

3. The cost for training hours was discussed and denied as this cost was incorporated into the contractor's loaded rate at the time of contract award. Vacation and Holiday factors were discussed. USProtect provided annual documentation regarding Employee Hire Dates/Seniority. Both parties agreed that the Vacation and Holiday factors were allowable adjustments for each option year.

4. Discussions regarding the inclusion of the Uniform Allowance ($0.10/hr) and Employee Relations Benefit ($1.00/hr) in Option Year III concluded with both parties agreeing that the Uniform Allowance was a one-time allowable cost while the Employee Relations Benefit was not an allowable cost. However, since a Uniform Allowance of $0.19/hr was included in the Option II adjustment, no further allowance would be necessary.

5. One of the major elements of discussion was the annual change to the Workmen's Compensation (W/C) rate and the formula to which the change is applied. Full discussions concluded with both parties agreeing that the full current W/C rate would be applied to the base wage increase and only the increased (or decreased) portion of W/C would be applied to the previous base wage.

<u>Duplicate Increase in Option Year II Affects the Equitable Adjustment</u>

The parties also discussed the duplicated increase incorporated in Option Year II. Unaware that the hourly rates shown on Task Order P0903NP0011 had already been increased by the previous Contracting Officer, Ms. Dessie Nelson, the new Contracting Officer, Ms. Charlotte Dominguez, requested, received and negotiated an hourly wage increase with USProtect for Option Year II. This second increase was incorporated by Supplemental (Bilateral) Modification PS02 executed May 13, 2003. Since new option rates increases are added to the previous year's loaded rates, this second increase was included in each of the following years.

The finalized Adjusted Hourly Rate calculation sheets for Option Years II, III, IV and FY 2006 Contract Extension were prepared, accepted by Mr. Feldmann of USProtect, and are included as Attachments 1-12. A comparison of these finalized rates against the previously established rates is included as Attachment 13.

<u>Calculation Determines Government Overpaid USProtect</u>

A comparison reveals that the previously established rates for guards in all counties covered by this Contract, including all Supervisors, were overestimated. The cost differences, or overestimated amounts, are shown on Attachment 14 along with the numbers of hours in each area for each option period. The overestimated amounts have been applied to the appropriate number of hours to arrive at total amounts of differences for each option period.

A summary of these calculations (as amounts owed) for each option period is as follows:

| | |
|---|---|
| Option II (FY03) | ($1,231,790.92) |
| Option III (FY04) | ($1,241,264.26) |
| Option IV (FY05) | ($ 699,368.11) |
| Extension (FY06) | ($ 976,040.79) |
| Total | ($4,148,464.07) |

<u>Contracting Officer's Final Decision Regarding the Claim for Equitable Adjustment</u>

This is the final decision of the Contracting Officer. You may appeal this decision on the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you received this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Government's Demand on Overpayment

As stated above, this letter serves notice as the Government's demand for payment in the amount of $4,148,464.07 in accordance with FAR 33.211(a). Any amounts not paid within 30 days from the date of this demand letter will bear interest from the date of this letter until the amount demanded is paid in full. The interest rate shall be the rate established by the Secretary of the Treasury, for the period affected, under Public Law 92-41, and then at the rate applicable for each six-month period as fixed by the Secretary of the Treasury until the amount in paid.

USProtect has the opportunity to respond to the Contracting Officer regarding this demand and presenting additional information regarding this overpayment and demand for payment.

If you have any questions concerning this matter, please contact me at (303) 236-7931, ext. 262.

Sincerely,

Linda M. Reynolds
Contracting Officer

/enc.

cc: Jennifer Longmeyer-Wood, OPLA/CALD
Daniel B. Abrahams, Esq. and Shlomo Katz, Esq., Attorneys for USProtect



2990